IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.      5:20-cr-00298-DNH |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JOHN ZOURDOS,** | ) | |
| **HELEN ZOURDOS, and** | ) | |
| **DIMITRIOS ZOURDOS** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

The government hereby requests the Court to instruct the jury in the above-captioned

matter in accordance with the proposed instructions attached hereto. The government also requests

that it be permitted to submit proposed modified and/or supplemental instructions if and as they

become appropriate and necessary.

Dated: October 22, 2021                    Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

/s/ John N. Kane

By:     _____
John N. Kane
Assistant Chief
U.S. Department of Justice, Tax Division
Northern Criminal Enforcement Section
Bar Roll No. 515130

CARLA B. FREEDMAN
United States Attorney

/s/ Michael F. Perry

By:     _____
Michael F. Perry
Assistant United States Attorney
Bar Roll No. 518952

## **TABLE OF CONTENTS**

1. JUROR ATTENTIVENESS ................................................................1

2. ROLE OF THE COURT ................................................................2

3. ROLE OF THE JURY ................................................................3

4. THE GOVERNMENT AS A PARTY ................................................................5

5. CONDUCT OF COUNSEL ................................................................6

6. COMMON COUNSEL AND COUNSEL COOPERATION ................................................7

7. SYMPATHY ................................................................8

8. INDICTMENT IS NOT EVIDENCE ................................................................9

9. PUBLICITY ................................................................10

10. VARIANCE - DATES ................................................................11

11. PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF ........................................12

12. REASONABLE DOUBT ................................................................13

13. DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................................14

14. QUESTIONS ................................................................15

15. TESTIMONY, EXHIBITS, AND STIPULATIONS ................................................16

16. STIPULATION OF FACTS ................................................................17

17. CHARTS AND SUMMARIES ................................................................18

18. ADMISSIONS OF DEFENDANT ................................................................19

19. IMPROPER CONSIDERATION OF DEFENDANT'S RIGHT NOT TO TESTIFY ...........20

20. DEFENDANT'S TESTIMONY ............................................................................21

21. INFERENCE DEFINED ...................................................................................22

22. INTEREST IN OUTCOME................................................................................24

23. LAW ENFORCEMENT WITNESS.....................................................................25

24. DETERMINING KNOWLEDGE AND INTENT ..................................................26

25. FEDERAL RULE OF EVIDENCE 404(b): INTENT, KNOWLEDGE, ABSENCE OF

    MISTAKE.......................................................................................................27

26. SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED ........................28

27. PUNISHMENT...............................................................................................29

28. THE CHARGES IN THE INDICTMENT ...........................................................30

29. MULTIPLE COUNTS AND MULTIPLE DEFENDANTS ...................................31

30. FAILURE TO NAME A DEFENDANT...............................................................32

31. STATUTORY PURPOSE ..................................................................................33

32. CIVIL REMEDIES IMMATERIAL ....................................................................34

33. COUNT ONE: CONSPIRACY TO DEFRAUD THE UNITED STATES (General

    Instructions) ..................................................................................................35

34. COUNT ONE:  CONSPIRACY TO DEFRAUD THE UNITED STATES (First Element:

    Existence of the Conspiracy) .........................................................................37

35. COUNT ONE:  CONSPIRACY TO DEFRAUD THE UNITED STATES (First Element:

    Object of the Conspiracy) ..............................................................................40

36. COUNT ONE:  CONSPIRACY TO DEFRAUD THE UNITED STATES (Second Element: Membership in the Conspiracy)................................................................42

37. COUNT ONE:  CONSPIRACY TO DEFRAUD THE UNITED STATES (Third Element: Overt Act) ................................................................................................45

38. COUNTS TWO THROUGH EIGHT:  TAX EVASION (General Instructions)...................47

39. COUNTS TWO THROUGH EIGHT:  TAX EVASION: Tax Due and Owing (First Element) ................................................................................................48

40. COUNTS TWO THROUGH EIGHT:  TAX EVASION: Attempt to Evade or Defeat a Tax (Second Element)................................................................................51

41. COUNTS TWO THROUGH EIGHT:  TAX EVASION: Knowledge and Willfulness (Third Element)................................................................................................54

42. COUNTS TWO THROUGH EIGHT:  AIDING AND ABETTING UNDER 18 U.S.C. § 2 ................................................................................................57

43. COUNTS TWO THROUGH EIGHT:  WILFULLY CAUSING A CRIME TO BE COMMITTED UNDER 18 U.S.C. § 2...............................................................60

44. COUNTS TWO THROUGH FIFTEEN:  AIDING AND ABETTING PREPARATION OF FALSE INCOME TAX RETURNS, 26 U.S.C. § 7206(2)....................................62

45. DEFENSE OF RELIANCE ON ACCOUNTANT...................................................64

46. CONSCIOUS AVOIDANCE .................................................................65

47. FINANCIAL INSTITUTION REPORTING REQUIREMENTS..........................................67

48. LOANS, GIFTS & ASSIGNMENT OF INCOME .................................................68

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

## JUROR ATTENTIVENESS[1]

Ladies and gentlemen, you are about to enter your final duty, which is to decide the fact issues in the case.

Before you do that, I will instruct you on the law. You must pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and to counsel that you have faithfully discharged this duty. Your interest never flagged, and it is evident that you followed the testimony with close attention.

I ask you to give me that same careful attention, as I instruct you on the law.

---

[1] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 2-1 (Juror Attentiveness).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

## ROLE OF THE COURT[2]

You have now heard all the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

---

[2] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 2-2 (Role of the Court); *Sparf v. United States*, 156 U.S. 51, 15 S. Ct. 273, 39 L. Ed. 343 (1895); *United States v. Al-Moayad*, 545 F.3d 139 (2d Cir. 2008).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

## ROLE OF THE JURY[3]

Your final role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

You may also consider any stipulations of the parties as evidence.

_____

[3] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 2-3 (Role of the Jury).

3

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendants has been proven beyond a reasonable doubt.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

[*If applicable*]: I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

## THE GOVERNMENT AS A PARTY[4]

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendants, who are charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

---

[4] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 2-5 (The Government as a Party).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 5

## CONDUCT OF COUNSEL[5]

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence; or asked for a conference out of the hearing of the jury; or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

---

[5] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 2-8 (Conduct of Counsel).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

## COMMON COUNSEL AND COUNSEL COOPERATION[6]

You have noticed throughout this trial that certain defendants are represented by the same counsel. That circumstance does not mean that you are to regard the defendants as being one person. Each defendant is entitled to your separate consideration even if represented by common counsel. The question of whether guilt has been proven is personal and must be decided by you as to each defendant individually and the factor or circumstance that two defendants may be represented by one counsel should be disregarded in making that determination.

You have also noticed throughout the trial that counsel for various defendants have consulted with each other and have divided the work of the trial in an effort to facilitate their presentation and to avoid duplication. The fact that defense counsel have consulted and cooperated with each other in the conduct of their defense is not to be considered by you as having any significance with respect to the issues in the case. The issue of each defendant's guilt is personal and you must make a separate determination as to whether or not each defendant's guilt has been proven beyond a reasonable doubt. In making that judgment, you are to disregard entirely the circumstance that counsel for various defendants have worked together during the trial. Indeed, especially in a case of this length, it would be unusual and wasteful of time and effort if counsel did not share the burdens of the defense.

---

[6] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 2-10 (Common Counsel and Counsel Cooperation).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

## SYMPATHY[7]

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as to each defendant as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that a defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of your sympathy or any other reason to render a verdict of guilty as to that defendant.

---

[7] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 2-12 (Sympathy); *see also United States v. Shamsideen*, 511 F.3d 340 (2d Cir. 2007).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 8**

**INDICTMENT IS NOT EVIDENCE**[8]

The defendant in this case is charged with various crimes about which I will instruct you shortly. Each charge is called a "count." I will refer to each count by the number assigned to it in the charging instrument, called an indictment, but you will not be furnished with the indictment itself, because an indictment is merely a statement of charges and not itself evidence.

---

[8] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 3-1 (Indictment is Not Evidence); *see also United States v. McFarlane*, 491 F.3d 53 (2d Cir. 2007).

9

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

## PUBLICITY[9]

Your verdict must be based solely on the evidence presented in this courtroom in accordance with my instructions.  You must completely disregard any report that you have read in the press, seen on television, or heard on the radio.  Indeed, it would be unfair to consider such reports, since they are not evidence and the parties have no opportunity of contradicting their accuracy or otherwise explaining them away. In short, it would be a violation of your oath as jurors to allow yourselves to be influenced in any manner by such publicity.

---

[9] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 2-17 (Publicity – Final Charge).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

## VARIANCE - DATES[10]

It does not matter if the indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date. The law only requires a substantial similarity between the dates alleged in the indictment and the date established by testimony or exhibits.

---

[10] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 3-12 (Variance – Dates); *see also United States v. Brown*, 79 F.2d 321 (2d Cir. 1955).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

## PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF[11]

The defendants have pleaded not guilty to the charge in the indictment. To convict the defendants, the burden is on the prosecution to prove each defendant's guilt of each element of the charge beyond a reasonable doubt. This burden never shifts to the defendants, for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, each defendant starts with a clean slate and is presumed innocent of each charge until such time, if ever, that you as a jury are satisfied that the government has proven a given defendant is guilty of a given charge beyond a reasonable doubt.

---

[11] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 4-1 (Presumption of Innocence and Burden of Proof).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

## REASONABLE DOUBT[12]

Since, in order to convict a defendant of a given charge, the government is required to prove that charge beyond a reasonable doubt, the question then is: What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the defendant's guilt with respect to a particular charge against him or her, you must find the defendant not guilty of that charge. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt with respect to a particular charge against him or her, you should find the defendant guilty of that charge.

---

[12] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 4-2 (Reasonable Doubt).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 13

## DIRECT AND CIRCUMSTANTIAL EVIDENCE[13]

In deciding whether or not the Government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, when a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, someone walked in with a dripping wet umbrella and, soon after, somebody else walked in with a dripping wet raincoat. Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But, on the combination of the facts about the umbrella and the raincoat, it would be reasonable for you to infer that it had begun to rain.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact. Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

---

[13] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 5-2 (Direct and Circumstantial Evidence).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 14**

**QUESTIONS**[14]

Let me emphasize that a lawyer's questions are not evidence. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denies the truth of a statement, and if there is no evidence in the record proving that the assumed fact is true, then you may not consider the fact to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there is some other evidence in the record that he had beaten his wife.

In short, questions are not evidence; answers are.

---

[14] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 5-3 (Questions).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 15

## TESTIMONY, EXHIBITS, AND STIPULATIONS[15]

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

Exhibits which have been marked for identification but not received into evidence may not be considered by you as evidence. Only those exhibits received into evidence may be considered as evidence.

Similarly, you are to disregard any testimony when I have ordered it to be stricken. As I indicated before, only the witnesses' answers are evidence and you are not to consider a question as evidence. Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

---

[15] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 5-4 (Testimony, Exhibits, Stipulations, and Judicial Notice) (references to judicial notice omitted).

16

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 16**

**STIPULATION OF FACTS**[16]

[*If applicable*]: A stipulation is an agreement among the parties that a certain fact is true.

You should regard such agreed facts as true.

---

[16] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 5-6 (Stipulation of Facts).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 17

### CHARTS AND SUMMARIES[17]

[*If applicable*]: The government has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

---

[17] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 5-12 (Charts and Summaries).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 18**

**ADMISSIONS OF DEFENDANT**[18]

There has been evidence that one or more of the defendants made certain statements to one or more other persons which the government claims are admissions of certain facts relevant to the charges in the indictment.

In deciding what weight to give a defendant's statements, you should first examine whether each statement was made and whether, in fact, it was voluntarily and understandingly made. I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.

---

[18] Adapted from Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 5-19 (Admission of Defendant).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 19

## IMPROPER CONSIDERATION OF DEFENDANT'S RIGHT NOT TO TESTIFY[19]

[*If applicable*]: The defendants chose not to testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent.

Therefore, you must not attach any significance to the fact that the defendants did not testify. No adverse inference against a defendant may be drawn by you because he or she did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.

---

[19] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 5-21 (Improper Consideration of Defendant's Right Not to Testify); *see also Griffin v. California*, 380 U.S. 609 (1965); *United States v. Imran*, 964 F.2d 1313, 1317-18 (2d Cir. 1992).

20

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 20

## DEFENDANT'S TESTIMONY[20]

[*If applicable*]: In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, Defendant _____ decided to testify. You should examine and evaluate his/her testimony just as you would the testimony of any other witness.

---

[20] Adapted from Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 7-4 (modified to remove language regarding the defendant's interest in the outcome to conform with *United States v. Mehta*, 919 F.3d 175 (2d Cir. 2019)); *see also United States v. Brutus*, 505 F.3d 80, 87 (2d Cir. 2007); *United States v. Gaines*, 457 F.3d 238, 249 (2d Cir. 2006)).

21

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 21

## INFERENCE DEFINED[21]

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw-but not required to draw-from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

---

[21] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 6.1 (Inference Defined (Presumptions)); *see also Turner v. United States*, 396 U.S. 398, 406–07 (1970); *United States v. Pfingst*, 477 F.2d 177, 197 (2d Cir. 1973).

Here again, let me remind you that, whether based on direct or circumstantial evidence, or on the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 22**

**INTEREST IN OUTCOME**[22]

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

---

[22] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 7-3 (Interest in Outcome).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 23

## LAW ENFORCEMENT WITNESS[23]

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

---

[23] Sand, Modern Federal Jury Instructions-Criminal, Instr. 7-16 (Law Enforcement Witness).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 24**

**DETERMINING KNOWLEDGE AND INTENT**[24]

Knowledge, willfulness, and intent involve the state of a person's mind. It has often been said to juries that the state of one's mind is a fact as much as the state of his digestion. Accordingly, this is a fact you are called on to decide.

Medical science has not yet devised an instrument that can record what was in one's mind in the distant past. Rarely is direct proof available to establish the state of one's mind. This may be inferred from what he says or does: his words, his actions, and his conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent, willfulness, and knowledge are usually established by surrounding facts and circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

---

[24] Sand et al., Modern Federal Jury Instructions-Criminal, ¶ 6.06 (Knowledge, Willfulness, Intent, Malice) (references to malice omitted); *see also United States v. Allah*, 130 F.3d 33, 42 (2d Cir. 1997).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 25**

**FEDERAL RULE OF EVIDENCE 404(b): INTENT, KNOWLEDGE, ABSENCE OF MISTAKE**[25]

The government has offered evidence tending to show that on a different occasion or occasions one or more of the defendants engaged in one or more crimes, wrongs or other acts.

In that connection, let me remind you that the defendants are not on trial for committing these crimes, wrongs, or other acts which are not alleged in the indictment. Accordingly, you may not consider this evidence of the crimes, wrongs or other acts for proof that the defendants committed the crime charged. Nor may you consider this evidence as proof that any defendant has a criminal personality or bad character. The evidence of the other crimes, wrongs or other acts was admitted for a much more limited purpose and you may consider it only for that limited purpose.

If you determine that a defendant committed the acts charged in the indictment and one or more of the crimes, wrongs, or other acts presented as evidence as well, then you may, but you need not draw an inference that in doing the acts charged in the indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons.

Evidence of other crimes, wrongs, or other acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because a defendant committed the other act(s) he or she must also have committed the acts charged in the indictment.

---

[25] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 5-25 (modified to conform to language in Fed. R. Evid. 404(b)). The government submits this instruction subject to this Court's decision on the government's *motion in limine* regarding, inter alia, proposed evidence under Federal Rule of Evidence 404(b).

27

**GOVERNMENT'S REQUESTED INSTRUCTION NO. 26**

**SPECIFIC INVESTIGATIVE TECHNIQUES NOT REQUIRED**[26]

[*If applicable*]:  During the trial, you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques. You may consider these facts in deciding whether the government has met its burden of proof, because, as I told you, you should look at all of the evidence or lack in deciding whether the defendant is guilty. However, you are also instructed that there is no legal requirement that the government use any or all of these specific investigative techniques to prove its case. For instance, there is no requirement that the government must attempt to have every item seized analyzed. Law enforcement techniques are not your concern.

Your concern, as I have said, is to determine whether or not, on the evidence presented or lack of evidence, a defendant's guilt has been proved beyond a reasonable doubt.

---

[26] Adapted from Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 4-4 (Specific Investigation Techniques Not Required).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 27

### PUNISHMENT[27]

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the court. Your function is to weigh the evidence in the case as to each defendant and to determine whether or not the defendants are guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendants, if they are convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

---

[27] Sand et al., Modern Federal Jury Instructions-Criminal, Instr. 9-1; *see also Shannon v. United States*, 512 U.S. 573 (1994).

29

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 28

## THE CHARGES IN THE INDICTMENT[28]

The indictment contains 15 counts and reads as follows:

*[Please read indictment to the jury.*]

The defendants have denied that they are guilty of these charges.

---

[28] Sand et al., Modern Federal Jury Instructions, Instr. 3-2 (The Charges).

30

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 29

## MULTIPLE COUNTS AND MULTIPLE DEFENDANTS[29]

The indictment contains a total of 15 counts. Each count charges a defendant with a different crime.

There are 3 defendants on trial before you. You must, as a matter of law, consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he or she is charged.

In reaching your verdict, bear in mind that guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence about each defendant. The case against each defendant, on each count, stands or falls upon the proof or lack of proof against that defendant alone, and your verdict as to any defendant on any count should not control your decision as to any other defendant or any other count. No other considerations are proper.

---

[29] Sand et al., Modern Federal Jury Instructions, Instr. 3-8 (Multiple Counts—Multiple Defendants).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 30

## FAILURE TO NAME A DEFENDANT[30]

You may not draw an inference, favorable or unfavorable, toward the government or the defendants on trial, from the fact that certain persons were not named as defendants in the indictment. The circumstances that these persons were not indicted must play no part in your deliberations.

Whether a person should be indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendants on trial.

---

[30] Adapted from Sand, et al., Modern Federal Jury Instructions-Criminal, Instr. 3-4 (Failure to Name a Defendant) (references to unindicted co-conspirators omitted).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 31

## STATUTORY PURPOSE[31]

The system of tax collection in the United States relies upon the honesty of taxpayers. The government needs taxpayers to report timely, completely, and honestly all taxes they owe so that it can collect the taxes due. Congress, therefore, has made it a criminal offense for a taxpayer to evade taxes, to file a false return, or to file no return under certain circumstances.

---

[31] Sand, et al., Modern Federal Jury Instructions-Criminal, Instr. 59-2 (Statutory Purpose).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 32

## CIVIL REMEDIES IMMATERIAL[32]

This is a criminal case. The defendants are charged with the commission of crimes, and the fact that there may be administrative or civil tax consequences for their conduct may not be considered by you, the jury, in determining the issues or resolution in this case.

---

[32] Adapted from 2 Edward J. Devitt et. al., Federal Jury Practice and Instructions (3d ed. 1977) § 35.17; *see also Spies v. United States*, 317 U.S. 492, 495 (1943); *United States v. Dack*, 747 F.2d 1172, 1174-75 (7th Cir. 1984); *United States v. Richards*, 723 F.2d 646, 648 (8th Cir. 1984); *United States v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 33**

**COUNT ONE:  CONSPIRACY TO DEFRAUD THE UNITED STATES (General Instructions)[33]**

I will now instruct you on the elements of the crimes with which the defendants are charged in the Indictment.

Count One charges the defendants with participating in a conspiracy to defraud the Internal Revenue Service from "at least in or about 2013 through at least in or about 2017."

Let me say a word about the crime of conspiracy. A conspiracy is a criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to commit a crime is separate, independent, and distinct from the underlying crime that the conspirators intended to commit. Thus, if a conspiracy exists, it is still punishable as a crime, even if it should fail to achieve its purpose. Consequently, for a defendant to be guilty of a conspiracy, there is no need for the government to prove that he or any other conspirator was actually successful in the criminal goal(s).

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful. This is because collective criminal activity both poses a

---

[33] Adapted from Sand, Modern Federal Jury Instructions-Criminal, Instr. 19-2 (Purpose of the Statute; Instr. 19-3 (Elements of Conspiracy); 19-12 (Conspiracy to Defraud the United States). *See also United States v. Labat*, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is the objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

greater potential threat to the public's safety and welfare than individual conduct and increases the likelihood of success of a particular criminal venture.

In order to find the defendants guilty on Count One, you must find that the government has proven each of the following elements beyond a reasonable doubt:

*First*, that the conspiracy charged in Count One existed. In other words, that there was an agreement or understanding between two or more people to impair, impede, obstruct, or defeat the lawful and legitimate governmental functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of the revenue through taxes.

*Second*, that each defendant knowingly and intentionally became a member of the conspiracy in order to further its unlawful purpose; and

*Third*, that one of the members of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 34

## COUNT ONE:  CONSPIRACY TO DEFRAUD THE UNITED STATES (First Element: Existence of the Conspiracy)[34]

The first element that the government must prove beyond a reasonable doubt as to Count One is that the conspiracy charged in Count One of the Indictment existed.

What is a conspiracy? Simply defined, a conspiracy is an agreement among two or more persons to achieve an unlawful purpose. In this instance, the unlawful purpose alleged to have been the object of the conspiracy charged in Count One was to impair, impede, or obstruct the lawful and legitimate governmental functions and operations of the Internal Revenue Service by deceit, craft or trickery, or means that are dishonest.

The essence of a crime of conspiracy is the unlawful agreement to violate the law. It is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed. Indeed, you may find defendants guilty of a conspiracy despite the fact that it was factually impossible for the defendants to commit the substantive crime or goal of the conspiracy. This is because the success or failure of a conspiracy is not material to the question of guilt or innocence

---

[34] *Cf. United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the Government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); *United States v. Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the Government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the Government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted); *United States v. Rubin*, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement); *see also* Sand, Modern Federal Jury Instructions-Criminal, Instr. 19-4 (Existence of Agreement).

of the conspirator. The crime of conspiracy is complete once the unlawful agreement is made and an act is taken in furtherance of that agreement.

To establish a conspiracy, the government is not required to show that two or more persons sat around a table and entered into a solemn compact, orally or in writing, stating that they have formed a conspiracy to violate the law and setting forth the details of the plans and the means by which the unlawful project is to be carried out or the part to be played by each conspirator. Indeed, it would be extraordinary if there were such a formal document or specific oral agreement.

Your common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to unexpressed understanding. Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans. From its very nature, a conspiracy is almost inevitably secret in its origin and execution.

It is sufficient if two or more persons in any way, either explicitly or implicitly, come to a common understanding to violate the law. Express language or specific words are not required to indicate assent or attachment to a conspiracy. Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed. You need only find two or more persons entered into the unlawful agreement alleged in the Indictment and that an act was committed in furtherance of that agreement in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you may judge acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose. The adage "actions speak louder than words" is applicable here.

Often, the only evidence of a conspiracy available is that of disconnected acts that, when taken together and considered as a whole, show a conspiracy or agreement to secure a particular

result as satisfactorily and conclusively as more direct proof, such as evidence of an express agreement.

Of course, proof concerning the accomplishment of the object or objects of the conspiracy may be persuasive evidence of the existence of the conspiracy itself. But it is not necessary that the conspiracy actually succeed in its purpose in order for you to conclude that the conspiracy existed.

In considering whether a conspiracy existed, you should consider all of the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator and any inferences that may reasonably be drawn from that conduct and those statements.

It is sufficient to establish the existence of the conspiracy if, after considering all the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators agreed, as I have explained, to work together in furtherance of the object alleged in Count One of the Indictment, and that an overt act was taken to further that agreement.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 35**

**COUNT ONE: CONSPIRACY TO DEFRAUD THE UNITED STATES (First Element:**

**Object of the Conspiracy)**[35]

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Count One of the Indictment charges that the objective of the conspiracy the defendant are alleged to have agreed to accomplish is to defraud the United States and its agency—the Internal Revenue Service.

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, then you must next determine the second question: whether the defendants participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective. If you find that the defendants agreed, among themselves or with at least one co-conspirator, to accomplish the objective charged in Count One, then you should find the defendants guilty of conspiracy if you find the other elements of the crime satisfied.

Let me now instruct you in more detail about the object alleged in the conspiracy charged in Count One of the Indictment, specifically, that the conspiracy was designed to defraud the United States.

---

[35] *See United States v. Shellef*, 507 F.3d 82, 104 (2d Cir. 2007) ("All that is necessary is that the scheme had the object of making it more difficult for the IRS to carry out its lawful functions and that the scheme depend on 'dishonest or deceitful means.'" (quoting *United States v. Ballistrea*, 101 F.3d 827, 831-32 (2d Cir. 1996)); *United States v. Klein*, 247 F.2d 908 (2d Cir. 1957) (upholding conspiracy convictions involving scheme to hide information from the IRS in order to protect a tax position that was ultimately vindicated, because defendants' activities involved hiding information "by deceit, craft or trickery, or at least by means that are dishonest," thus preventing IRS from information to which it was entitled); *see also* Sand, Modern Federal Jury Instructions-Criminal, Instr. 19-12 (Conspiracy to Defraud the United States).

A conspiracy to defraud the United States need not involve cheating the government out of money or property. The statute also includes conspiracies to interfere with, or obstruct, any lawful government function by fraud, deceit, or dishonest means. I instruct you that the Internal Revenue Service, commonly known as the IRS, is an agency of the United States government. The IRS is responsible for the collection of tax revenue. As part of those efforts, the IRS requires that taxpayers truthfully and honestly report their full taxable income and deductions, as well as certain other items in their tax returns, such as information relating to their business entities. Thus, the phrase "conspiracy to defraud the United States" in the Indictment means that the defendants and their co-conspirators allegedly conspired to impede, obstruct, or defeat the lawful functions of the IRS to determine what taxes are owed and/or to collect those tax revenues.

It is not necessary that the government or the IRS actually suffer a financial loss from the scheme. Nor is it necessary for you to find that in any particular instance the conspirators' conduct was actually examined by the IRS. A conspiracy to defraud exists simply when there is an agreement, if you so find, to impede, impair, obstruct, or defeat, by fraud or dishonest means, a lawful function of the IRS. Indeed, even if the taxpayers' ultimate legal position on some issue is correct, and they owe no additional taxes, that is not a defense to the crime charged. One cannot use deception and dishonest means—such as concealing information from the IRS—to impede, impair, obstruct, or defeat the IRS, even to protect a legitimate tax position.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 36**

**COUNT ONE:  CONSPIRACY TO DEFRAUD THE UNITED STATES (Second Element:**

**Membership in the Conspiracy)[36]**

The Government must also prove beyond a reasonable doubt that the defendants unlawfully, willfully, and knowingly entered into the conspiracy, that is, that the defendants agreed to take part in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

Now, as to this element, the terms unlawfully, willfully, and knowingly mean that you must be satisfied that in joining the conspiracy, assuming you find that the defendant you are considering did join the conspiracy, the defendants knew what they were doing. That is, that the defendants you are considering took the actions in question deliberately and voluntarily.

"Unlawfully" simply means contrary to law. The defendants need not have known that they were breaking any particular law or any particular rule, but they must have been aware of the generally unlawful nature of their acts.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, a defendant's acts must have been the product of his conscious objective, rather than the product of mistake, accident, mere negligence, or some other innocent reason.

---

[36] Adapted from Sand, et al., Modern Federal Jury Instructions-Criminal, Instr. 19-6 (Membership in the Conspiracy). *See also United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member." (citations omitted)). *See also United States v. Miranda-Ortiz*, 926 F.2d 172, 175-6 (2d Cir. 1990) (generally discussing proof required to show membership in conspiracy); *United States v. Maldonado-Rivera*, 922 F.2d 934, 960 (2d Cir. 1990) (same).

Now, knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and conversations alleged to have taken place involving the defendants or in their presence. You may consider this evidence in determining whether the government has proven be-yond a reasonable doubt the defendants' knowledge of the unlawful purposes of the conspiracy.

It is not necessary for the government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of the activities of all of its participants. It is not even necessary for a defendant to know every other member of the conspiracy.

Nor is it necessary that the defendants received any monetary benefit from their participation in the conspiracy, or had a financial stake in the outcome. However, although proof of a financial interest in the outcome of a scheme is not essential or determinative, if you find that a defendant had a financial or other interest, that is a factor you may properly consider in determining whether the defendants were members of the conspiracy.

The duration and extent of each defendant's participation has no bearing on the issue of his or her guilt. A defendant need not have joined the conspiracy at the outset. A defendant may have joined it for any purpose at any time in its progress, and he will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member.

Each member of a conspiracy may perform separate and distinct acts and may per-form them at different times. Some conspirators may play major roles, while others play minor roles in

43

the scheme. An equal role or an important role is not what the law requires. In fact, even a single act can be sufficient to make a defendant a participant in an illegal conspiracy.

However, a person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without agreement and participation is not sufficient. What is necessary is that a defendant participate in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, a defendant, with an understanding of the unlawful nature of the conspiracy, may have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking. That defendants thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, he becomes a conspirator.

A conspiracy once formed is presumed to continue until its objective is accomplished or until there is some affirmative act of termination by its members. So too, once a person is found to be a participant in the conspiracy, that person is presumed to continue being a participant in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and dissociated himself from it.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 37

## COUNT ONE:  CONSPIRACY TO DEFRAUD THE UNITED STATES (Third Element:

## Overt Act)[37]

Let me now turn to the third element of the conspiracy alleged in Count One, the requirement of an overt act.

For the crime of conspiracy as charged in Count One to have been committed, there must be something more than an agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy. In other words, the overt act element is a requirement of the agreement went beyond the mere talking stage, the mere agreement stage.

You need not find that any of the defendants in this case committed the overt act. It is sufficient if you find that at least one overt act was in fact performed by at least one co-conspirator, whether a defendant or another co-conspirator, to further the conspiracy within the time frame of the conspiracy. Remember that the act of any member of the conspiracy done in furtherance of the conspiracy becomes the act of all of the members. In other words, it is not necessary for the government to prove that each defendant committed an overt act in furtherance of the conspiracy. However, an overt act must have been knowingly and willfully done by at least one co-conspirator in furtherance of the object or purpose of the conspiracy that is charged in the indictment.

---

[37] *See United States v. Kozeny*, 667 F.3d 122, 131-32 (2d Cir. 2011) ("[T]he jury need not agree on a single overt act to sustain a conspiracy conviction."); *United States v. Rutkoske*, 506 F.3d 170, 175 (2d Cir. 2007) ("It is well-established that the Government may satisfy this test 'by proof of an overt act not explicitly listed in the indictment, as long as a defendant has had fair and adequate notice of the charge for which he is being tried, and he is not unduly prejudiced by the asserted variance in the proof.'" (quoting *United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir.2003)); *cf.* Sand, et al., Modern Federal Jury Instructions-Criminal, Instr. 19-7 (Commission of Overt Act).

In this regard, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act which in and of itself is criminal. Rather, it must be an act that furthers the object of the conspiracy. The overt act requirement is an element of the crime that the government must prove beyond a reasonable doubt.

The Indictment charges that a number of particular overt acts were committed in furtherance of the conspiracy. It is not necessary for the government to prove that any of the specified overt acts charged in the Indictment were committed. Rather, the government can prove any overt act, even one that is not listed in the Indictment, provided that the overt act is committed by one of the conspirators and is done to further the object of the conspiracy. It is sufficient if you find beyond a reasonable doubt that any one overt act occurred while the conspiracy was still in existence.

Nor is it necessary for you to reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy; you just need to all agree that at least one overt act was so committed.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 38**

**COUNTS TWO THROUGH EIGHT:  TAX EVASION (General Instructions)**[38]

Counts Two through Eight charge the defendants with attempting to evade personal income taxes due and owing for the individuals and years specified in the Indictment. Title 26, United States Code, Section 7201, provides in part that "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by [law] . . . shall . . . be guilty of [the crime of tax evasion]."

To prove the crime of tax evasion, the Government must establish each of the following three elements beyond a reasonable doubt:

First, that the defendant owed substantially more federal income tax for the year charged in the Indictment than was indicated as due on his or her federal income tax return (or substantially more than zero if he or she filed no return);

Second, that the defendant willfully attempted to evade or defeat the assessment or payment of this tax; and

Third, that the defendant committed an affirmative act in furtherance of this willful attempt.

Each count must be considered separately.

---

[38] Adapted from Sand, et al., Modern Federal Jury Instructions-Criminal, Instr. 59-1 (The Indictment and the Statute); Instr. 59-3 (Elements of the Offense); *see also United States v. Josephberg*, 562 F.3d 478, 488 (2d Cir. 2009); *United States v. Plitman*, 194 F.3d 64, 65 (2d Cir. 1999); *Sansone v. United States*, 380 U.S. 343, 351 (1965); 26 U.S.C. § 7201.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 39

## COUNTS TWO THROUGH EIGHT:  TAX EVASION: Tax Due and Owing (First Element)[39]

The first element of the offense of tax evasion that the Government must prove beyond a reasonable doubt is that the defendant owed substantially more federal income tax for the year charged in the Indictment than was indicated as due on his or her federal income tax return (or substantially more than zero if he or she filed no return).

Federal law, specifically Title 26 of the United States Code, Section 1, requires that individuals file income tax returns if their taxable income exceeds certain dollar amounts. Pursuant to Section 63 of Title 26, "taxable income" means gross income less allowable deductions. And pursuant to Section 61 of Title 26, gross income means all income from whatever source derived.

The term "whatever" means what it says. It means any and all sources, foreign and domestic. Gross income therefore includes, but is not limited to, compensation for goods and services, such as wages, salaries, fees, or commissions, income derived or diverted from a trade or business, and gains from dealings in property, interest, rents, and dividends.

The Internal Revenue Code requires individuals to pay any income tax imposed on them, without any requirement of notice or demand for payment from the IRS.  For an individual who

---

[39] Adapted from Sand, et al., Modern Federal Jury Instructions-Criminal, Instr. 59-4 (First Element—Tax Due); Instr. 59-5 (Specific Items Method); *see also United States v. Cunningham*, 723 F.2d 217, 231 (2d Cir. 1983); *United States v. Ellett*, 527 F.3d 38, 40 (2d Cir. 2008) (deficiency must be substantial); *United States v. Helmsley*, 941 F.2d 1, 84 (2d Cir. 1991) (same); *United States v. Cole*, 463 F.2d 163, 167 (2d Cir. 1972) ("Although the government may not have proved every dollar of income alleged by the indictment to have been concealed, proof of some lesser amount will sustain a verdict if, as here, it remains material").

operates on a calendar year, typically the income taxes are due by April 15th of the following year.
[40]

For Counts Two through Eight, which charge tax evasion, the government does not have to prove the exact amount of the taxes that the defendants owed or evaded for these years, nor need the computations be exact in an accounting sense. All the government has to prove is that there is a substantial amount of tax due.

In addition, the government does not have to prove that the defendants attempted to evade or defeat payment of all the taxes owed for those years. Instead, the government need only prove that the amount owed for each of the years charged in the Indictment was substantial and that the defendant attempted to evade or defeat all or a substantial part of the taxes owed.

Whether the amount of tax due is substantial is an issue for you to decide. Substantiality is not measured in terms of gross or net income or by any particular percentage of the tax shown to be due and payable. All of the attendant circumstances must be taken into consideration. A few thousand dollars of evaded tax may in a given case may be considered substantial, depending on the circumstances.

---

[40] 26 U.S.C. §§ 61, 6012(a); *Helvering v. Mitchell*, 303 U.S. 391, 399 (1938); *Cheek v. United States*, 498 U.S. 192, 206 (1991); *Donaldson v. United States*, 400 U.S, 517, 534 (1971) (IRS organized to carry out broad responsibilities of Treasury Secretary for administration and enforcement of internal revenue laws); *Commissioner v. Glenshaw Glass*, 348 U.S. 426, 429-30 (1955) (interpreting statute defining gross income); *Reese v. United States*, 24 F.3d 228, 231 (Fed. Cir. 1994) (absent enumerated exception, gross income means all income from whatever source derived); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992), *cert. denied*, 508 U.S. 952 (1993); *United States v. Richards*, 723 F.2d 646, 648 (8th Cir. 1983) (rejecting contention that filing a tax return was "voluntary" when a defendant's gross income "commanded" him to file returns for the years in question).

To prove that a substantial tax was due, the Government must prove beyond a reasonable doubt two things: (1) that the defendant received substantial unreported income; and (2) that there was tax due, or additional tax due, as a result of the receipt of that unreported income.

In reaching your decision on whether the defendant owed substantial federal income taxes for the years identified in the Indictment, you should consider, along with all the other evidence, the testimony and exhibits introduced during the trial concerning the computation of the defendant's tax liabilities. If you find, based on all the evidence, that the government has established beyond a reasonable doubt that the defendants named received unreported income and that, as a result of that income, there was a substantial amount of tax due and owing, then the first element is satisfied.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 40

## COUNTS TWO THROUGH EIGHT:  TAX EVASION: Attempt to Evade or Defeat a Tax

## (Second Element)[41]

The second element of the tax evasion offense that the government must prove beyond a reasonable doubt is that the defendant committed an affirmative act constituting an evasion, or an attempted evasion, of assessment of the tax, as described in the Indictment.

The phrase "attempt to evade or defeat" an income tax involves two things: first, the formation of an intent to evade or defeat a tax or the payment thereof; and second, willfully performing some act to accomplish the intent to evade or defeat that tax.

Counts Two through Eight allege that the defendants knew and believed that in each of the years identified in the Indictment the individuals identified for a given count had substantial taxable income upon which there was a substantial amount of tax due and owing, and that the defendants tried in some way to evade the assessment of a substantial portion of the tax due and owing for each of those years. Therefore, in order to prove these counts, the Government must prove beyond a reasonable doubt that, for each year charged, the defendants intended to evade or defeat the tax due, and willfully committed some act designed to misrepresent or conceal his income from the IRS.

---

[41] Adapted from Sand, et al., Modern Federal Jury Instructions-Criminal, Instr. 59-7 (Second Element—Affirmative Act Constituting Evasion); *see also  United States v. Sansone*, 380 U.S. 343, 351 (1965); *United States v. Klausner*, 80 F.3d 55, 62 (2d Cir. 1996); *United States v. Pollen*, 978 F.2d 78, 88 (3d Cir. 1992); *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992); *United States v. McGill*, 964 F.2d 222, 233 (3d Cir. 1992); *United States v. Conley*, 826 F.2d 551, 553 (7th Cir. 1987); *United States v. Hook*, 781 F.2d 1166, 1169 (6th Cir. 1986); *United States v. Shorter*, 809 F.2d 54, 57 (D.C. Cir. 1987); *Cohen v. United States*, 297 F.2d 760, 762 (9th Cir. 1962); *United States v. Masat*, 896 F.2d 88, 97 (5th Cir. 1990); *United States v. Mackey*, 571 F.2d 376, 387 (7th Cir. 1978).

Now, the mere failure to do what the law requires is not an affirmative act. Thus, failing to file income tax returns and failing to pay income taxes, standing alone, are not sufficient by themselves to make out the affirmative act of attempting to evade or defeat taxes. A defendant must do something more to be guilty of tax evasion.

There are many different ways in which a tax may be evaded, or an attempt made to evade it. The statute, Section 7201 of the United States Code, provides that the attempt can be "in any manner." A general rule is that any conduct, the likely effect of which would be to mislead or conceal for tax evasion purposes, is sufficient to establish an affirmative act of attempting to evade or defeat income taxes. The only requirement is that the defendant must take some affirmative action with that purpose in mind.

The defendant's conduct must be conduct that is likely to conceal things from the IRS. Even an otherwise lawful act can constitute an attempt to evade and defeat if that act is performed by the defendant with the intent to evade or defeat income tax.

Conduct that constitutes or is sufficient to establish an affirmative attempt to evade a tax includes, but is not limited to:

- using third-party or entity bank accounts;

- transferring income, money, or property in an attempt to conceal ownership;

- causing debts to be paid through and in the name of others;

- use of corporate or business entities to pay personal bills;

- placing ownership of companies in the names of others;

- the making of false statements to the IRS;

- the filing of false tax returns or forms with the IRS;

- dealing extensively in cash; or

52

• any other conduct, the likely effect of which would be to mislead or to conceal, including directing other individuals to do any of the things that I have just mentioned.

In this case, the government alleges that the defendants committed affirmative acts of evasion as described in the Indictment. Although the government must prove that each defendant committed some affirmative act during each year charged constituting an attempt to evade, it need not prove each act alleged in the Indictment. The proof of one affirmative act is enough. So, with respect to Counts Two through Eight, the government must prove that the defendant took some affirmative step during each of the years charged in the Indictment, with the intention of hiding or concealing income from the IRS. To find a defendant guilty, you, the jury, must unanimously agree as to a given count that the defendant committed at least one affirmative act that constituted the attempt to evade.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 41

## COUNTS TWO THROUGH EIGHT:  TAX EVASION: Knowledge and Willfulness (Third Element)[42]

The third element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

To show the defendant acted knowingly, the government must prove beyond a reasonable doubt that a defendant knew that a substantial amount of taxes was owed for each of the years charged in the Indictment. Whether or not the defendants had this knowledge is a question of fact to be determined by you on the basis of all the evidence. As I have previously instructed you, an act is done knowingly only if it is done purposely and deliberately and not because of mistake, accident, negligence, or other innocent reason.

The government must also prove beyond a reasonable doubt that the defendant acted willfully. A willful act in this context is defined as a voluntary and intentional violation of a known legal duty. Thus, the government must prove beyond a reasonable doubt that the defendant possessed the specific intent to defeat or evade the assessment of taxes that the defendant knew it was his or her duty to pay.

---

[42] Adapted from Sand, et al., Modern Federal Jury Instructions-Criminal, Instr. 59-8 (Third Element—Willfulness); *see also Spies v. United States*, 317 U.S. 492, 499 (1943) (willfulness can be inferred based on "any conduct, the likely effect of which would be to mislead or to conceal"); *United States v. Cole*, 463 F.2d 163, 166 (2d Cir. 1972) (Friendly, J.) (inference of guilt can be based on evidence of a "pattern of having a corporation take deductions for personal expenses"); *United States v. Chestnut*, 533 F.2d 40, 48-49 (2d Cir. 1976) (in a prosecution for illegal campaign contributions, inference of willfulness could be based on evidence that advertising expenses were billed not to the campaign that incurred them, but rather were billed as "consulting fees" to a corporation that paid them with corporate funds); *United States v. Allen*, 670 F.3d 12 (1st Cir. 2012) (affirming good faith jury instruction set forth in addendum: "A good faith belief is one which is honestly and genuinely held").

Mere negligence, even gross negligence, is not sufficient to constitute willfulness. If the defendant actually believed in good faith that he did not owe the taxes the government claims he does, he cannot be guilty of criminal intent to evade taxes. In other words, a defendant does not act willfully if he believes in good faith that his actions comply with the law. A good faith belief is one which is honestly and genuinely held. Therefore, if you find that a defendant honestly and genuinely believed that he owed no additional taxes for the years charged in the Indictment, even if that belief was unreasonable or irrational, then you should find him or her not guilty. However, you may consider whether the defendant's belief was actually reasonable or actually unreasonable in deciding whether he or she held that belief in good faith.

The defendant does not have a burden to establish his good faith. It is the government's burden to prove that the defendant did not have a good faith misunderstanding of the law.

However, a good faith misunderstanding of the law is different from a disagreement with the law or tax policy. I instruct you that neither a defendant's disagreement with the law, nor an individual's own belief that the law should not apply to them or that it is unconstitutional or against the public interest (even if that belief is held earnestly), constitutes a defense of good-faith misunderstanding or mistake. It is the duty of all citizens to obey the law, regardless of whether they agree with it. Good motive is irrelevant if the defendant knows of his or her duty under the law.

There are certain inferences that the law allows you to make in deciding the issue of willfulness in a tax evasion case. The law does not require you to draw these inferences. They are permissive, they are not mandatory, but you may draw them if you wish. I instruct you that these inferences relate only to the element of willfulness and not to any other element that I have discussed with you.

A defendant's attitude towards the IRS, or the reporting and payment of taxes generally, may be considered by you in determining the defendant's willfulness.

If you find willfulness in one year, you may consider that as evidence of willfulness in subsequent or prior years.

In deciding whether a defendant acted willfully, you may also consider the overall way he conducted his or her affairs. If a person deliberately conducts his affairs in a way that will likely result in deception, concealment of the truth, or the evasion of taxes, it is permissible to infer that that defendant willfully intends to evade taxes.

In this case, the government has alleged that the defendants engaged in a pattern of using evasive means to conceal income and provided false and misleading information to a tax return preparer in order to conceal income from the IRS. If you find that there was such a pattern, you may consider that finding along with the rest of the evidence in deciding whether or not the defendants willfully attempted to evade taxes. You are not required to draw such an inference, but you may do so.

In deciding about the defendant's state of mind, you should consider all the evidence that in your common sense and experience bears on this question. You will want to consider all of the words, acts, and conduct of a defendant in deciding what he or she thought and intended. You may also consider the general educational background and expertise of the defendants, but only as it relates to their ability to form the required willfulness.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 42

## COUNTS TWO THROUGH EIGHT:  AIDING AND ABETTING UNDER 18 U.S.C. § 2[43]

Each of the substantive counts charged in the Indictment in Counts Two through Eight charges the defendants with violating 18 U.S.C. § 2, which is sometimes known as the "aiding and abetting" statute. That is, each defendant is charged not only as a principal who committed the crime, but also as an aider and abettor and with having willfully caused the crime. As a result, under 18 U.S.C. § 2, there are two additional ways that the government may establish a defendant's guilt on Counts Two through Eight of the Indictment. One way is called "aiding and abetting," and the other is called "willfully causing a crime." Let me explain each of these.

"Aiding and abetting" is set forth in Section 2(a) of the statute. That section reads, in part, as follows: "Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal."

Under the aiding and abetting statute, it is not necessary for the government to show that the defendant himself or herself physically committed the crime charged in order for you to find the defendant guilty. Thus, even if you do not find beyond a reasonable doubt that a defendant personally committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Accordingly, you may find the defendant guilty of the substantive

---

[43]  Adapted from Sand, et al., Modern Federal Jury Instructions-Criminal, Instr. 11-1 (The Indictment and the Statute); Instr. 11-2 (Aiding and Abetting); *United States v. Stanchich*, 550 F.2d 1294 (2d Cir. 1977) (approving charge); *United States v. Labat*, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); *United States v. Clemente*, 640 F.2d 1069 (2d Cir. 1981) (same).

crimes charged if you find beyond a reasonable doubt that the government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendants aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed. Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether the defendants aided or abetted the commission of the crimes with which he is charged, you may ask yourself these questions:

- Did the defendant participate in the crime charged as something he wished to bring about?

- Did the defendant associate himself or herself with the criminal venture knowingly and willfully?

- Did the defendant seek by his or her actions to make the criminal venture succeed?

If he or she did, then the defendant is an aiders and abettor, and therefore guilty of the offense. If he or she did not, then the defendant is not an not aider and abettor, and is not guilty as an aider and abettor of that offense.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 43**

**COUNTS TWO THROUGH EIGHT:  WILFULLY CAUSING A CRIME TO BE**

**COMMITTED UNDER 18 U.S.C. § 2**[44]

The second way in which the government can prove a defendant's guilt under 18 U.S.C. § 2 on a substantive count of the Indictment is through a finding beyond a reasonable doubt that the defendant willfully caused a crime. Section 2(b) of the aiding and abetting statute, which relates to willfully causing a crime, reads as follows: "Whoever willfully causes an act to be done which if directly per-formed by him or another would be an offense against the United States [shall be guilty of a federal crime]."

What does the term "willfully caused" mean? It means that the defendant himself need not have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

- First, did the defendant take some action without which the crime would not have occurred?

- Second, did the defendant intend that the crime would be actually committed by others?

---

[44] Adapted from Sand, et al., Modern Federal Jury Instructions-Criminal, Instr. 11-3 (Willfully Causing a Crime); *United States v. Concepcion*, 983 F.2d 369, 383-84 (2d Cir. 1992); *United States v. Sliker*, 751 F.2d 477, 494 (2d Cir. 1984); *United States v. Margiotta*, 688 F.2d 108 (2d Cir. 1982); *United States v. Gleason*, 616 F.2d 2 (2d Cir. 1979); *United States v. Kelner*, 534 F.2d 1020, 1022-23 (2d Cir. 1976).

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes" as to a specific defendant for one or more of Counts Two through Eight of the Indictment, then that defendant is guilty of that count (or those counts) just as if the defendant himself had actually committed the offense(s).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 44**

**COUNTS TWO THROUGH FIFTEEN:  AIDING AND ABETTING PREPARATION OF**

**FALSE INCOME TAX RETURNS, 26 U.S.C. § 7206(2)**[45]

Counts Nine through Fifteen of the Indictment charge the defendants with aiding and abetting in the preparation of false corporate income tax returns, in violation of Title 26, United States Code, Section 7206(2). That section provides, in part, as follows:  "Any person who . . . [w]illfully aids or assists in, or procures, or counsels, or advises the preparation or presentation under . . . the internal revenue laws, of a return . . . which is fraudulent or is false as to any material matter . . . shall be [guilty of an offense]."

The government must prove three essential elements in order to establish this offense:

First, the act or acts of aiding, or assisting in, or procuring, or counseling, or advising the preparation, or the presentation, of an income tax return that is false or fraudulent as to a material matter;

Second, the defendant did so with knowledge that the income tax return in question was false or fraudulent;

Third, the defendant did so willfully.

A "false" tax return is a return that was untrue when made and was then known to be untrue by the person making it or causing it to be made.

A "fraudulent" tax return is a return made or caused to be made with the intent to deceive.

---

[45] 26 U.S.C. § 7206(2); *see also Clark v. United States*, 498 U.S. 192, 201 (1992); *United States v. Klausner*, 80 F.3d 55, 59 (2d Cir. 1996); *United States v. Gambone*, 314 F.3d 163, 174 (3d Cir. 2003); *United States v. Perez*, 565 F.2d 1227, 1233-34 (2d Cir. 1977).

A matter is material if it had a natural tendency to influence, or was capable of influencing, the decisions or activities of the Internal Revenue Service.

The first element that the government must prove beyond a reasonable doubt is that the defendant [aided, assisted, procured, counseled, or advised] in the preparation of a tax return which was subsequently filed with the Internal Revenue Service.

It is not required that the government prove that the defendant actually prepared or signed the return in order to prove that he aided in its preparation.

This element is proven if the government shows that defendant engaged in a scheme to defeat government collection of tax, and that scheme involved the filing of tax returns with the IRS.  Proof that defendant knowingly provided false information or directions, or knowingly failed to provide complete and accurate information, with the expectation that the information he provided would be used to file a tax return is also sufficient to satisfy this element. Put another way, anyone who knowingly causes a false return to be filed can be guilty of a section 7206(2) violation.[46]

I have already defined willfulness earlier in these instructions with respect to tax evasion. The meaning is the same here, in that to prove willfulness the government must show a voluntary and intentional violation of a known legal duty. As explained previously, mere negligence, even gross negligence, is not sufficient to constitute willfulness.

---

[46] Sand, et al., Modern Federal Jury Instructions-Criminal, Instruction 59-28; 26 U.S.C. § 7206(2); *United State v. Clark*, 139 F.3d 485, 489-90 (5th Cir. 1998); *United States v. Hooks*, 848 F.2d 785, 789 (7th Cir. 1988) (the first element of § 7206(2) met where defendant engaged in a scheme to conceal assets to defeat government collection of tax, and that scheme resulted in the filing of the false tax return).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 45

## DEFENSE OF RELIANCE ON ACCOUNTANT[47]

[*If applicable*]:  One or more of the defendants has claimed reliance on the advice of an accountant. As I have instructed you, the defendants had and have no burden to produce any evidence or introduce any theories or explanations at trial. However, in evaluating this defense, you may consider whether the information necessary to the accountant's advice was known to the accountant before rendering the advice and whether one or more of the defendants was responsible for the information that was known to the accountant.

---

[47] *See United States v. DeSimone*, 488 F.3d 561, 571 (1st Cir. 2007) ("To be used defensively in a tax case, the advice of an accountant calls for a showing that the information necessary to the accountant's advice was known to the accountant before rendering the advice.").

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 46

## CONSCIOUS AVOIDANCE[48]

[*If applicable*]:  As I explained, the Government is required to prove that the defendants acted knowingly, as I have already defined that term. In addition to a person actually being aware of a fact, the law also allows you to find that the defendants had knowledge of a fact when the evidence shows that they were aware of a high probability of that fact but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that the defendants acted knowingly with respect to the offense charged in the Indictment, you may consider whether the defendants deliberately closed their eyes to what would otherwise have been obvious to them. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.

Thus, if you find beyond a reasonable doubt that the defendants acted with a conscious purpose to avoid learning some relevant fact, then you may treat the defendants as though they

---

[48] Adapted from Sand, et al., Modern Federal Jury Instructions-Criminal, Instr. 3A-2; *see also United States v. Schultz*, 333 F.3d 393, 413 (2d Cir. 2003) ("in giving the conscious avoidance charge, the district judge should instruct the jury that knowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist." (quoting *United States v. Feroz*, 848 F.2d 359, 360 (2d Cir. 1988) (per curiam))). The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge." *Feroz*, 848 F.2d 359, 360. As to the appropriateness of a conscious avoidance charge, *see United States v. Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) ("A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact." (citations and internal quotation marks omitted)). *United States v. Ferrarini*, 219 F.3d 145, 155 (2d Cir. 2000) (While a conscious avoidance charge is appropriate for a conspiracy, it "may not be used to support a finding as to . . . intent to participate in a conspiracy, but it may be used to support a finding with respect to . . . knowledge of the conspiracy's goals").

knew that the fact existed. However, guilty knowledge may not be established by demonstrating that the defendants were merely negligent, foolish, or mistaken, and you may not rely on willful blindness as the basis for treating the defendants as though they was aware of the existence of a fact if you find that the defendants actually believed that the fact did not exist. It is entirely up to you whether you find that the defendants deliberately closed their eyes and any inferences to be drawn from the evidence on this issue.

In determining whether the defendants acted knowingly, you may consider whether they deliberately closed their eyes to what otherwise would have been obvious. Thus, if you find beyond a reasonable doubt that the defendants knew there was a high probability that a criminal offense was being committed, but deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge, unless you find that the defendants actually believed that they were acting in a lawful manner.

You may consider conscious avoidance on the part of the defendants with respect to any or all counts charged in the indictment. With respect to the conspiracy charged in Count One, however, it is important to note that the concept of conscious avoidance cannot be used as a substitute for finding that the defendants knowingly agreed to a joint undertaking, and you can only find the defendants guilty on Count One if the evidence proves, beyond a reasonable doubt, that the defendants knowingly and intentionally joined the conspiracy charged in the Indictment. However, as to Count One, if you find beyond a reasonable doubt that the defendants entered into such an agreement, you may—if the evidence proves it beyond a reasonable doubt—rely on a finding of conscious avoidance to decide whether they knew that the specific objective or goal of that agreement was to defraud the IRS, as charged in the indictment.

66

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 47

## FINANCIAL INSTITUTION REPORTING REQUIREMENTS[49]

Title 31, United States Code, Section 5313, and its implementing regulations, provide in pertinent part that financial institutions shall file a report for each deposit, withdrawal, exchange of currency, or other payment or transfer, by, through, or to such financial institution which involves a transaction in currency of more than $10,000. Multiple currency transactions are treated as a single transaction if the financial institution has knowledge that they are by or on behalf of any person and result in either cash in or cash out totaling more than $10,000 during any one business day. A financial institution includes all of its domestic branch offices for purposes of this requirement. The term "financial institution" as used here includes banks, credit unions, and vehicle dealerships.

---

[49] *See* 31 U.S.C. § 5313(a) (requiring financial institutions to file reports as prescribed by the Secretary of the Treasury; 31 U.S.C. § 5312 (defining "financial institution"); 31 C.F.R. § 1010.300 et seq. (implementing regulations for currency transaction reports).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 48

## LOANS,[50] GIFTS[51] & ASSIGNMENT OF INCOME[52]

[*If applicable*]: The law provides that funds or property received from certain sources do not constitute taxable income. Such non-taxable funds or property include loans and gifts. It is for you, the jury, to decide whether certain funds received by one or more defendants are taxable or nontaxable as loans or gifts.

A loan which the parties to the loan agree is to be repaid does not constitute gross income as that term is defined by the Internal Revenue Code. However, merely denominating a transaction as a loan is not sufficient to make it a loan. Where there is no good faith intent on the part of the borrower to repay the funds advanced, such funds are income under the income tax laws and are taxable as such.

Whether a particular transaction constitutes a loan is a question of fact to be determined by considering all the pertinent facts in the case. In making your determination whether the parties intended a bona fide loan, you may take into consideration the following non-exclusive list of

---

[50] *See Welch v. Commissioner*, 204 F.3d 1228, 1230 (9th Cir. 2000); *Frierdich v. Commissioner*, 925 F.2d 180, 182 (7th Cir. 1991); *United States v. Swallow*, 511 F.2d 514, 522 n.7 (10th Cir. 1975).

[51] *See United States v. Terrell*, 754 F.2d 1139, 1149 n.3 (5th Cir.), *cert. denied*, 472 U.S. 1029 (1985)

[52] *See Lucas v. Earl*, 281 U.S. 111 (1930); *Helvering v. Horst*, 311 U.S. 112, 120 (1940); *Harrison v. Schaffner*, 312 U.S. 579, 580 (1941); *United States v. Russell*, 804 F.2d 571, 574-75 (9th Cir. 1986); *United States v. Hartshorn*, 751 F.3d 1194, 1202 (10th Cir. 2014); *see also* Mertens, Law Of Federal Income Taxation § 5:25 (2007) ("The person earning the income is subject to the tax on it; therefore, an arrangement among family members that the income earned by one member should be attributed to the other members will not be recognized for Federal income tax purposes").

factors, no one of which is controlling: (1) whether the promise to repay is evidenced by a note or other instrument; (2) whether interest was charged; (3) whether a fixed schedule for repayments was established; (4) whether collateral was given to secure payment; (5) whether repayments were made; (6) whether the borrower had a reasonable prospect of repaying the loan and whether the lender had sufficient funds to advance the loan; and (7) whether the parties conducted themselves as if the transaction were a loan.

In determining whether a payment of money or property to a defendant is a nontaxable gift, you should look to the intent of the parties at the time the payment was made, particularly the intent of the person making the payment. A gift proceeds from a detached and disinterested generosity arising from affection, respect, admiration, charity, or like impulses. In this regard, the most critical consideration is the transferor's or donor's intention. What controls is the intention with which the payment, however voluntary, was made. The characterization given to a certain payment by either the defendant or the person making the payment is not conclusive. Rather, you the members of the jury must make an objective inquiry as to whether a certain payment is a gift.

In making this determination, you may look at the terms and substance of any request made by the defendant for the funds. In addition, you may (but are not required to) take into account the following factors:

1. A payment is not a gift if it is made to compensate a defendant for his or her services. In this connection, you should consider how the defendant made his or her living.

2. A payment is not a gift if the person making the payment expects to receive anything in return for it. A payment would not be a gift if it was made with the expectation that it would allow the defendant to remain in business.

69

3. A payment is not a gift if the person making the payment felt he had a duty or obligation to make the payment.

4. A payment is not a gift if the person making the payment did so out of fear or intimidation.

This is not a complete listing of all the factors you should consider. You should take into account all the facts and circumstances of this case in determining whether any payment to a defendant was a gift.

Finally, please keep in mind that income is taxable to the person who earns it. The person earning the income cannot avoid taxation by entering into an arrangement, no matter how skillfully devised, whereby that income is diverted, or assigned, to some other person or entity. Such arrangements, known in the tax law as "anticipatory assignments of income," are not recognized as a means of avoiding tax liability. One who, firmly entitled to receive income, does not receive the income because it is assigned ahead of time to someone else, is taxable just as though he or she had received it and later given it away.